UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HARRER, ) | |
| ) | |
| PLAINTIFF, ) | Case no. _____ |
| ) | |
| v. ) | |
| ) | |
| BAYVIEW LOAN SERVICING, LLC, ) | Jury Demanded |
| ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

Plaintiff, Robert Harrer, brings this action to secure redress for relief against Defendant Bayview Loan Servicing, LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, as Defendant maintains a business office here and does business in this District.

2. Venue in this District is proper because Defendant's attempts to collect a debt occurred in this District, and Defendant resides and transacts business in this District.

## PARTIES

3. Plaintiff, Robert Harrer, ("Mr. Harrer") is a natural person and resident of Dupage County, Illinois, who is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

1

4. Defendant, Bayview Loan Servicing, LLC ("Bayview") is a corporation that acts as a debt collector, as defined by § 1692a(6) of the FDCPA because it regularly uses the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.

**FACTS**

5. Plaintiff incurred a debt for personal, family or household purposes, and said alleged obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Namely, Plaintiff incurred a mortgage obligation to The PrivateBank Mortgage Company, LLC for purchase of his condominium unit ("alleged debt").

6. The obligation was thereafter assigned to Washington Mutual Bank.

7. The obligation was thereafter assigned to JP Morgan Chase Bank, National Association ("Chase").

8. Mr. Harrer made monthly mortgage payments pursuant to the agreement however, due to financial hardship he defaulted on the mortgage.

9. On or about December 19, 2011, Plaintiff filed a Chapter 7 bankruptcy petition titled *In Re: Robert Harrer*, in the Northern District of Illinois, under Case No. 1150735.

10. Plaintiff's bankruptcy estate was fully administered and Plaintiff was discharged on April 10, 2012. (Exhibit A, Discharge Order.)

11. On or around September 10, 2012, Chase filed a complaint in The Circuit Court of Cook County, County Department, Chancery Division in Cook County Illinois, seeking to foreclose the mortgage. The complaint was titled *JP Morgan Chase Bank, National Association et al. vs. Robert W. Harrer et al.*, Case # 2012 CH 34213. The case

is ongoing and Mr. Harrer has been represented by counsel in that case at all times relevant to the actions complained of in this Complaint.

12. On December 21, 2013, Mr. Harrer filed a complaint against Bayview in the Northern District of Illinois, Eastern Division alleging violations of the FDCPA with respect to the debt at issue in instant action. The complaint was titled *Robert Harrer v. Bayview Loan Servicing, LLC*, Case # 13-cv-09145. The case was subsequently settled. Mr. Harrer was represented by counsel throughout the case.

13. On November 23, 2013, an agent or employee of Bayview by the name of "Sue Sweeney" ("Ms. Sweeney") placed a telephone call to Mr. Harrer.

14. Ms. Sweeney told Mr. Harrer that Bayview was a debt collector, that Chase recently sold the mortgage for his residence to M&T Bank, that he should have received a letter from Chase notifying him of the sale to M&T Bank, that Bayview performs M&T Bank's loss mitigation, and that M&T Bank had hired Bayview on November 20, 2013.

15. Mr. Harrer had not received a letter from Chase regarding a sale of the mortgage to M&T Bank prior to, or any time after, his conversation with Ms. Sweeney.

16. In fact, Chase never sold or otherwise assigned the mortgage to M&T Bank.

17. On or around December 13, 2013, Chase sold or otherwise assigned the mortgage to Bayview. Mr. Harrer was unaware of the sale at that time. (Exhibit B, Assignment from Chase to Bayview).

18. On December 21, 2013, Mr. Harrer filed a complaint against Bayview in the Northern District of Illinois, Eastern Division alleging violations of the FDCPA with

respect to the debt at issue in instant action. The complaint was titled *Robert Harrer v. Bayview Loan Servicing, LLC*, Case # 13-cv-09145. The case was subsequently settled. Mr. Harrer was represented by counsel with respect to the alleged debt throughout the case, whose identity and contact information Bayview was aware of.

19. Despite being aware of the fact that Mr. Harrer was represented by counsel, on May 7, 2014, Mr. Harrer received a voicemail message from an individual who identified himself as "David Ruiz" stating that he was "… David Ruiz calling you from Bayview Loan Servicing and M&T Bank" and later, in the same message, stating "Once again it is M&T Bank and Bayview Loan Servicing…".

20. Mr. Ruiz did not identify himself as a debt collector during the communication.

21. Upon information and belief, Mr. Ruiz is an agent or employee of Bayview.

22. On or around May 7, 2014, David Ruiz mailed a letter to Mr. Harrer. (Exhibit C, May 7, 2014, Letter from Bayview).

23. The letter stated "Bayview Loan Servicing, LLC is acting as agent for your servicer, M&T Bank." (Exhibit C, May 7, 2014, Letter from Bayview).

24. The letter further stated "Your credit standing could also suffer as a result of any legal action, including foreclosure." (Exhibit C, May 7, 2014, Letter from Bayview).

25. On or around May 9, 2014, Bayview caused to be delivered by hand, a letter to Mr. Harrer dated May 8, 2014. (Exhibit D, May 8, 2014 Letter from Bayview).

4

26. The letter stated "Bayview Loan Servicing, LLC is an agent of M&T Bank." (Exhibit D, May 8, 2014 Letter from Bayview, p. 1).

27. The letter further stated:

"This obligation has NOT been assigned to NCCI. NCCI is not a traditional debt collector and this communication is intended to encourage direct contact between you and us. NCCI is NOT making any demand for payment. Thus, all communication regarding the debt must be directed to the contact person listed on the face of this letter.

(Exhibit D, May 8, 2014 Letter from Bayview, p. 2).

28. Also contained in the letter, under the heading "NOTICE REGARDING YOUR DEBT", is the statement "If the amount of the debt is not stated on the face of this letter, it can be obtained by contacting the person identified on the face of this letter. Note that the amount may vary depending on additional interest, late charges, legal fees, and other charges." (Exhibit D, May 8, 2014, Letter from Bayview, p. 2).

29. The amount of the debt is not stated on the face of the letter. (Exhibit D, May 8, 2014 Letter from Bayview).

30. No person or contact person is identified on the face of the letter. (Exhibit D, May 8, 2014, Letter from Bayview).

31. On or around May 22, 2014, Bayview mailed another letter to Mr. Harrer. The letter was from an agent or employee of Bayview who identified himself as "Elvis Bobea". (Exhibit E, first May 22, 2014, Letter from Bayview).

32. Also on or around May 22, 2014, Bayview mailed a second letter to Mr. Harrer also from Elvis Bobea. (Exhibit F, second May 22, 2014, Letter from Bayview).

33. Both letters stated "Bayview Loan Servicing, LLC is acting as agent for your servicer M&T Bank."

34. Section 1692e of the FDCPA provides as follows:

**§ 1692e. False or misleading misrepresentations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**…**
**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt**
**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**
**…**
**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**
**…**
**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**
**…**
**(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.**

35. Bayview violated §§ 1692e, e(2)(A), e(2)(B), e(10), and e(12) of the FDCPA when it made false and misleading representations to Mr. Harrer that Bayview was acting as an agent of M&T Bank, thereby falsely representing that M&T Bank was the creditor of the loan.

36. In truth and in fact, Bayview, having purchased the loan from Chase, was the creditor at the time of the representations, not M&T Bank.

37. Bayview violated § 1692e(11) when it failed to disclose in a communication to Mr. Harrer that the communication is from a debt collector.

38. On December 19, 2013, Plaintiff faxed Bayview a letter, which Bayview

6

received, stating that he refuses to pay the debt, as he does not owe it.

39. Bayview was required to cease communicating with Plaintiff after it received Plaintiff's letter under 15 U.S.C. 1692c(c).

40. Despite the FDCPA's proscription regarding continued contacts with Plaintiff after Bayview received Plaintiff's letter, Bayview continued to place calls and mail letters to Plaintiff in its attempts to collect the alleged debt from him, for purposes other than those allowed under 15 U.S.C. § 1692c(c)(1)-(3).

41. Bayview's collection communications and activities are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* – Bayview

42. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

43. In its attempts to collect the debt allegedly owed by Plaintiff, Bayview violated the FDCPA, 15 U.S.C. § 1692 et seq. in one or more of the following ways:

   a) Bayview violated 15 U.S.C. § 1692c(a)(2) when it communicated with Plaintiff by telephone and through the mails after it knew Plaintiff was represented by an attorney with respect to the debt;

   b) Bayview violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations to Plaintiff in its letter dated May 7, 2014, when it stated that it was acting as an agent for M&T Bank when in fact Bayview was the creditor;

   c) Bayview violated 15 U.S.C. § 1692e in its letter dated May 9, 2014, when it directed Plaintiff to contact the person identified on the face of the letter in order to obtain the amount of the debt when it did not actually provide a person to contact, thereby using a false, deceptive or misleading representation in connection with the collection of the debt;

d) Bayview violated 15 U.S.C. §1692e, e(5) and e(10) by stating that "Your credit standing could also suffer as a result of any legal action, including foreclosure", as credit cannot be affected by the filing of a "legal action", and Plaintiff had received a bankruptcy discharge as to the alleged debt;

e) Bayview violated 15 U.S.C. § 1692e(2)(A) by falsely communicating to Plaintiff that it was acting as an agent of M&T Bank, thus falsely representing the character and legal status of the debt;

f) Bayview violated 15 U.S.C. § 1692e(2)(B) by falsely communicating to Plaintiff that it was acting as an agent of M&T Bank, thus falsely representing the services rendered for the collection of the debt;

g) Bayview violated 15 U.S.C. § 1692e(10) by falsely representing to Plaintiff, in May, 2014, that Bayview was an agent of M&T Bank, thus falsely representing its status with respect to the debt, and deceptively attempting to collect the debt;

h) Bayview violated 15 U.S.C. § 1692e(11) when an agent or employee of Bayview communicated with Plaintiff and failed to disclose that the communication was from a debt collector;

i) Bayview violated 15 U.S.C. § 1692e(12) by implying that the debt had been turned over to an innocent purchaser for value, M&T Bank, when it stated that it was acting as a servicer for M&T Bank;

j) Bayview violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt when it falsely represented that it was the agent for M&T Bank;

k) Bayview violated 15 U.S.C. § 1692f(1) by attempting to collect money from Plaintiff when such collection is neither authorized by law or any agreement creating the alleged debt;

l) Bayview violated 15 U.S.C. § 1692e(5) by threatening to have fees, charges, and a negative credit report imposed on Plaintiff when, in fact, such actions cannot legally be taken and were not intended to be taken;

m) Bayview violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after he informed Bayview in writing that he refuses to pay the alleged debt;

8

44. As a result of Bayview's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

REQUEST FOR RELIEF—FDCPA

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendant, for the following:

a. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

b. Actual damages;

c. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(2); and

d. Such other or further relief as this Court deems proper.

JURY DEMAND

Plaintiff demands trial by jury.

**The Law Office of M. Kris Kasalo, Ltd.**　　　By: s/ Mario Kris Kasalo
20 North Clark Street, Suite 3100　　　　　　　　　Mario Kris Kasalo
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.