ROBERT HARRER,

    Plaintiff,

    v.

BAYVIEW LOAN SERVICING, LLC,

    Defendant.

No. 15 C 4075

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Robert Harrer alleges that Bayview Loan Servicing LLC violated the Fair Debt Collection Practices Act by sending him certain communications. Bayview has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 98. For the following reasons, that motion is denied.

## Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

## Background

Harrer went into default on his mortgage and declared bankruptcy. His debt related to his mortgage was discharged in bankruptcy. Bayview contends that even after Harrer's bankruptcy discharge, Bayview has a "surviving security interest in [Harrer's] property." R. 99 at 1. The parties do not explain the nature of this security interest, but it does not appear to be relevant to deciding this motion.

After Harrer's bankruptcy discharge, Bayview contacted him six times in 2014 about his mortgage and a potential foreclosure: a voicemail on May 7; letters on May 7 and 8, *see* R. 79-1 at 8 and 25; and two letters each on May 22 and December 11, *see* R. 79-1 at 29, 31, 33-40. Harrer alleges that the content of these communications violated the FDCPA.

**Analysis**

**I.      Communications In Connection with the Collection of Debt**

Bayview argues that its communications with Harrer were not sent "in connection with the collection of debt," as is required to constitute a violation of the FDCPA, but were sent to "enforce[] . . . the surviving security interest in [Harrer's] property." R. 99 at 3-5. Bayview contends that a "creditor's communications related to enforcing a security interest, or providing loss mitigation alternatives, following a debtor's bankruptcy discharge are not subject to the FDCPA." R. 99 at 4. In support of this contention Bayview cites the First Circuit's holding that "it is plain that the sine qua non of a debt is the existence of an obligation (actual or alleged)," and the FDCPA's definition of debt "requires at least the existence or alleged existence of an obligation to pay money." *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 23 (1st Cir. 2002); *see also* 15 U.S.C. § 1692a(5) (defining "debt" as "any obligation or alleged obligation of a consumer to pay money"). Several district courts have applied this language to dismiss FDCPA claims by plaintiffs who, like Harrer, had their obligations on promissory notes secured by a mortgage discharged in bankruptcy. *See Kenney v. CitiMortgage, Inc.*, 2015 WL 1957880, at *5 (D. Kan. Apr. 29, 2015) ("Here, pursuant to Plaintiffs' Chapter 7 bankruptcy discharge, they are not liable for any deficiency between the price secured at foreclosure and the amount owed on the CitiMortgage Mortgage or Citibank Mortgage. [The defendant] argues that its actions could not have been for the collection of a debt, but rather, only for enforcement of a security interest. The Court agrees."); *Shaw v. Bank of Am., NA,*

2015 WL 224666, at *6 (D. Mass. Jan. 15, 2015); *Redjai v. Nationstar Mortg. LLC*, 2014 WL 7238355, at *3 n. 1 (C.D. Cal. Dec. 15, 2014); *Payne v. Reiter & Schiller, P.A.*, 2012 WL 1054873, at *3 (D. Minn. Mar. 8, 2012).

However, the First Circuit qualified its holding regarding the necessity of the "existence" of a debt, by "recogniz[ing] that a plaintiff may bring a claim under the FDCPA by pleading that a debt collector falsely alleged an obligation to pay money." *Arruda*, 310 F.3d at 23. This qualification comports with the Seventh Circuit's holding that "the FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "That is because bringing or even threatening to bring a lawsuit 'which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate.'" *Harris v. Total Card, Inc.*, 2013 WL 5221631, at *4 (N.D. Ill. Sept. 16, 2013) (quoting *Ramirez v. Palisades Collection LLC,* 2008 WL 2512679, at *5 (N.D. Ill. June 23, 2008)) (and citing cases from this district holding that "the FDCPA may be violated where the collection letters imply there is a legally enforceable obligation to pay the debt")). This reasoning applies here because Harrer claims that his bankruptcy created a legal bar to collection on his mortgage, which he alleges Bayview ignored in communicating with him. Thus, the fact that Harrer is no longer obligated by the promissory note associated with his mortgage is not a basis to dismiss his claim that Bayview sought to collect on that note.

Bayview also contends that "the plain language of each letter directly contradicts [Harrer's] conclusory statement that the letters were related to the collection of debt," R. 99 at 5, because the letters contain one of the two following disclaimers:

> If you are in Bankruptcy or received a bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the property.

or

> To the extent that your obligation has been discharged or is subject to an automatic stay of bankruptcy this notice is for compliance and informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation.

Whether Bayview's disclaimers are sufficient to demonstrate that Byaview was not attempting to collect a "debt" from Harrer is evaluated under the "unsophisticated consumer" standard. *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645 (7th Cir. 2009). District courts in this circuit applying this standard have found that disclaimers like these are insufficient to demonstrate that the communications were not connected to the collection of a debt as a matter of law. *See Radney v. Bayview Loan Servicing, LLC*, 2016 WL 3551677, at *3 (N.D. Ill. June 30, 2016) (denying motion to dismiss by Bayview based on the same disclaimers included in the letters sent to Harrer); *see also Azari v. Seterus, Inc.*, 2016 WL 6070361, at *2-3 (N.D. Ill. Oct. 17, 2016); *Price v. Seterus, Inc.*, 2016 WL 1392331, at *4 (N.D. Ill. Apr. 8, 2016); *Whalen v. Specialized Loan Servicing, LLC*, 155 F. Supp. 3d 905, 911 (W.D. Wis.

2016) ("[D]efendant's representation in the disclaimer that the letter was not a demand for payment means little when at the same time defendant was telling plaintiff that she risked foreclosure if she did not pay up."). Other district courts have also held that "[j]ust because a disclaimer says that the communication 'is not an attempt to collect a debt,' does not make that true, especially in view of indications on the face of the document that the communication is intended to obtain money and is connected to a present or former obligation to pay an indebtedness." *Roth v. Nationstar Mortg., LLC*, 2016 WL 3570991, at *4 (M.D. Fla. July 1, 2016) (quoting *Donnelly-Tovar v. Selected Portfolio Servicing,* 945 F. Supp. 2d 1037, 1048 (N.D. Neb. 2013)). This is because, as a case cited by Bayview put it, "communications can simultaneously seek to enforce a security interest and collect upon the underlying debt that gave rise to the security interest." *Helman v. Udren Law Offices, P.C.*, 85 F. Supp. 3d 1319, 1325 (S.D. Fla. 2014). Similarly, and more important for this Court, the Seventh Circuit—in a case also cited by Bayview—has held that "several factors . . . come into play in the commonsense inquiry of whether a communication from a debt collector is made in connection with the collection of any debt." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010). In addition to the disclaimers, the communications in this case all stated that they were contacting Harrer about his monetary obligations. *See* R. 79-1 at 8 ("additional fees and charges may be accruing. Your credit standing could also suffer . . . ."); R. 79-1 at 25 ("we are in hopes of possibly offering you a fresh start by possibly lowering your mortgage payment"); R. 79-1 at 29 ("additional fees and charges may

be accruing. Your credit standing could also suffer . . . ."); R. 79-1 at 31 ("additional fees and charges may be accruing. Your credit standing could also suffer . . . ."); R. 79-1 at 33 ("you're approved for a Trial Period Plan to modify your mortgage payment . . . . [Y]ou will be required to make three monthly payments in the amount of $1488.1 each."). "Commonsense" says that despite the disclaimers, the language in the letters is more than a sufficient basis to state a claim that Bayview was contacting Harrer "in connection with" an "obligation of a consumer to pay money."

## II.    Statute of Limitations

In Bayview's first brief on this motion, it argues that Harrer's claim violates the FDCPA's one-year statute of limitations. Specifically, Bayview argues that Harrer's allegation that Bayview threatened his credit score is time-barred because his third amended complaint of March 3, 2016 was filed more than one year after the letters at issue were sent in 2014. But under Federal Rule of Civil Procedure 15(c), "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Bayview cannot argue that Harrer's credit score claim does not arise "out of the conduct, transaction, or occurrence set out . . . in the original pleading," because Harrer expressly included the same credit score claim in his original complaint filed on May 7, 2105, exactly one year after the first communication at issue was sent. *See* R. 1 ¶¶ 43d, 43l. Moreover, Harrer continued to include the

factual allegations relevant to his credit score claim in his first and second amended complaints (filed on June 23, 2015 and August 24, 2015, respecticaly), *see* R. 14 ¶ 26; R. 37 ¶ 25, even though he omitted an express claim for such relief from those iterations of his complaint for some reason. Thus, relation back is clearly appropriate here and Harrer's allegations do not demonstrate that his claims violate the statute of limitations.

In its reply brief, Bayview changes tact and argues that Harrer's omission of a claim for relief based on Bayview's threat to his credit score operates as a waiver of that claim. Since the Court granted Harrer leave to file a third amended complaint, waiver is not relevant. Furthermore, the cases Bayview cites in support of its argument concern plaintiffs' attempts to add claims on appeal or after briefing was complete on summary judgment. *See* R. 112 at 3 (citing *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012); *Jones v. Marriott Hotel Servs., Inc.*, 2008 WL 2940791, at *5 (N.D. Ill. July 25, 2008)). Those circumstances are not remotely analogous to the stage of the proceedings in this case. And it is ironic that Bayview asks the Court to consider its waiver argument only in its reply brief, which is generally a basis for waiver of an argument. In any case, Harrer has not waived his claim for relief based on Bayview's alleged threat to his credit score.[1]

---

[1] Bayview also seeks dismissal of Harrer's claim for violation of FDCPA § 1692e arguing that the FDCPA does not require inclusion of the name of a "natural person" on a communication. *See* R. 99 at 10. Neither party develops this issue with reference to case authority, so the Court declines to address it at this time since it is not case dispositive. Bayview may raise the argument again at a later stage in the proceedings if appropriate.

## Conclusion

For the foregoing reasons, Bayview's motion to dismiss, R. 98, is denied.

ENTERED:

_Thomas M. Durkin_
_____
Honorable Thomas M. Durkin
United States District Judge

Dated:  November 30, 2016